FILED
SUPERIOR COURT
OF GUAM

2021 FEB 25 PM 4: 26

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, )
                              )
                PLAINTIFF, )
                              )
         V.                      )
                              )
BRADLEY P. SATO          )
DOB: 06/16/1976,           )
                              )
             DEFENDANT.       )

CRIMINAL CASE NO. CF0485-20

DECISION AND ORDER RE.
REQUEST TO INCLUDE
JURY INSTRUCTION ON INTOXICATION
PURSUANT TO 9 GCA § 7.58

This matter is before the Honorable Maria T. Cenzon on Defendant Bradley P. Sato's ("Defendant") request during the charging conference held on February 25, 2021, to include a jury instruction on intoxication, pursuant to 9 GCA Section 7.58. Defendant was represented by Assistant Public Defenders John Morrison and Brian Eggleston. The People were represented by Chief Prosecutor Basil O'Mallan. For the reasons set forth herein, the Court finds no justifiable basis, based upon the evidence adduced at trial, to instruct the jury on intoxication as a defense under 9 GCA § 7.58.

Defendant has requested the Court include an instruction to the jury regarding intoxication in order to negate Defendant's *mens rea* for the offenses of Third Degree Criminal Sexual Conduct (As a Second Degree Felony) and Fourth Degree Criminal Sexual Conduct (As a Misdemeanor). *Amended Indictment* (Feb. 25, 2021). The People

have objected to this jury instruction, arguing that there was no evidence presented during the trial of Defendant's intoxication.

9 GCA Section 7.58 provides as follows:

§ 7.58. Intoxication.
(a) As used in this Section:

(1) intoxication means *an impairment of mental or physical capacities* resulting from the introduction of alcohol, drugs or other substances into the body.
(2) self-induced intoxication means intoxication caused by substances which the person knowingly introduces into his body, the tendency of which to cause intoxication he knows or ought to know, unless he introduces them pursuant to medical advice or under such circumstances as would otherwise afford a defense to a charge of crime.

(b) Except as provided in Subsection (d), *intoxication is not a defense to a criminal charge. Evidence of intoxication is admissible whenever it is relevant to negate or to establish an element of the offense charged*.

(c) A person is reckless with respect to an element of the offense, even though his disregard thereof is not conscious, if his not being conscious thereof is due to self-induced intoxication.

(d) Intoxication which is not self-induced is an affirmative defense if, by reason of such intoxication, the person at the time of his conduct lacks substantial capacity either to appreciate its wrongfulness or to conform his conduct to the requirements of the law.

9 GCA § 7.58 (emphasis added).

In this case, Defendant did not take the stand and testify; therefore, he did not present any evidence that he was intoxicated as defined in Section 7.58 (a)(1) such that the required specific intent to commit the crimes for which he has been charged can be negated. There is no evidence, and the Defendant does not contend, that any intoxication would *not* have been self-induced. The testimony at trial indicates that

both Defendant and the alleged victim *A.S.*, had been drinking over the course of several hours. There was abundant testimony regarding *A.S.* having consumed approximately 6 beers prior to meeting the Defendant at the Agana Pool bus stop and then having consumed at least another 6 beers with the Defendant on August 29, 2020. *A.S.* testified that she was not permitted on the bus because the bus driver did not allow "drunk people" on the bus and that the bus driver could smell the alcohol on her when she attempted to board the bus because she was not wearing a mask at that time. Witness Otisus Robert ("Robert") testified that she was "really drunk" the night of the alleged incident.

In contrast, the testimony with regard to Defendant's consumption of alcohol was extremely limited. The first testimony about Defendant drinking alcohol was when *A.S.* testified that she gave him $20 to purchase "Natural Ice," but he returned with a 12-pack of Budweiser and the two shared it equally. Later, testimony indicated that Defendant went to purchase more beer at the Asan Beach Mart. Robert testified that he saw Defendant and *A.S.* drinking, but he did not provide any testimony about the Defendant's level of intoxication, stating only that he saw Defendant and *A.S.* drinking and talking and "getting along," but he did not speak to them. Defendant did not take the stand and testify.

Defendant now asks this Court to include an instruction to the jury regarding Defendant's intoxication in order to negate the required *mens rea* or intent to commit the offense.

Guam law is clear that evidence of intoxication is admissible to negate an element of an offense charged. 9 GCA § 7.58(b)(2005); *People v. Reyes*, 2020 Guam 33, ¶65 (2020). However, when evidence of a defendant's intoxication has been presented to a jury, an instruction of intoxication is not always required. *Id.* (citing *People v. Nathan*, 2018 Guam 13, ¶ 21 (2018)("the mere fact that a defendant may have been drinking prior to the commission of a crime does not establish intoxication" and does not always give rise to the level of requiring an instruction").

An instruction would be necessary if defense counsel was relying on intoxication as a defense; that does not appear to be the case here, as Defendant did not take the stand or advance any defense, relying only upon the state of the evidence presented during the People's case-in-chief. *Compare, Reyes* at ¶ 67 (Reyes did not advance an intoxication defense. Reyes testified that he had neither sexual intercourse nor sexual contact with J.W.; he never argued that he did have sexual intercourse or contact with J.W. but was too intoxicated to form the requisite criminal intent).

Moreover, an instruction on intoxication would only be required if there was evidence of "'debilitating intoxication' such that 'intoxication impaired the defendant's ability to form any requisite intent.'" *Id.* at ¶ 68 (citing *Nathan*, 2018 Guam 13 ¶ 21).[1] As discussed, above, there was no evidence presented during the trial of this matter that defendant was prevented by a "debilitating intoxication" from forming the requisite

---

[1] *See also, Connomwealth v. Brown*, 872 N.E.2d 711, 727-28 (Mass. 2000)(evidence did not warrant an intoxication instruction because no evidence was presented that any alcohol ingested by the defendant had any effect on his ability to form any requisite criminal intent).

criminal intent. While there is certainly evidence that the Defendant consumed alcohol, there is no testimony that Defendant's consumption rendered him unable to form the requisite intent to commit the offenses charged.

For these reasons, the Court denies Defendant's request to include an intoxication instruction.

**So Ordered** this 25th day of February, 2021.

_____

**Honorable Maria T. Cenzon**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, PDSC

Date: 2/25/21 Time: 4:48 p.

Antonio A. Cruz
Deputy Clerk, Superior Court of Guam